**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Silvia Jimenez**, | No. _____ |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **WKS Restaurant Corporation**, a California corporation, | |
| Defendants. | |

Plaintiff, Silvia Jimenez ("Plaintiff"), sues the Defendant, WKS Restaurant Corporation ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; and unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8, and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-362, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8. At all material times, Defendant WKS Restaurant Corporation is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant WKS Restaurant Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant WKS Restaurant Corporation does business as El Pollo Loco located at 10135 E. McDowell Rd., Avondale, AZ 85392.

10. Under the FLSA, Defendant WKS Restaurant Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant WKS Restaurant Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant WKS Restaurant Corporation is subject to liability under the FLSA.

11. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13. At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15. At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

16. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

17. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

21. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22. Defendant owns and/or operates as El Poll Loco, an enterprise doing business in Maricopa County, Arizona.

23. Plaintiff was hired by Defendant as a cashier and worked for Defendant for two shifts on approximately May 16, 2022 and May 20, 2022

24. At all relevant times, in her work for Defendants, Plaintiff worked as a cashier at the El Pollo Loco located at 10135 W. McDowell Rd., Avondale, AZ 85392.

25. Upon information and belief, Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $15.00.

26. Defendants classified Plaintiff as a W-2 employee.

27. Upon information and belief, During her employment with Defendant, Plaintiff worked approximately 17 hours for Defendant.

28. Defendant failed to compensate Plaintiff any wages whatsoever for the hours she spent working for Defendant.

29. Therefore, Defendant paid Plaintiff no wages whatsoever for any of the hours she worked for Defendants during her employment.

30. After the termination of her employment, Plaintiff attempted to contact the manager for Defendant in an effort to receive her paycheck, but her calls went unanswered.

31. Upon finally reaching the manager, Plaintiff was advised that after she returns her uniform pieces they will talk about her check.

32. To date, Defendant has paid no wages whatsoever to Plaintiff for such hours worked.

33. As a result of not having paid any wage whatsoever to Plaintiff during her employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

34. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

35. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

36. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AWA, A.R.S., § 23-351.

37. Plaintiff was a non-exempt employee.

38. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff her paycheck would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA and the AMWA.

39. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

40. Plaintiff is a covered employee within the meaning of the FLSA.

41. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

42. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

43. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

44. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. As a result of not paying Plaintiff any wage whatsoever for any of the hours she worked during her employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

47. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

48. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Silvia Jimenez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.  For the Court to declare and find that the Defendant committed one of more of the following acts:

  i.  Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

  ii.  Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

49.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.  As a result of not paying Plaintiff any wage whatsoever for the entirely of her employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

51. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

52. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Silvia Jimenez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. As a result of the allegations contained herein, Defendant did not compensate Plaintiff wages due and owing to her.

55. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

56. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

57. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendant was aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

58. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Silvia Jimenez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of June, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Silvia Jimenez, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, she believes them to be true.

*Silvia Jimenez*
Silvia Jimenez (Jun 10, 2022 13:16 PDT)
Silvia Jimenez